David V. Roth (State Bar No. 194648)
 *dvr@manningllp.com*
Matthew P.C. Noel (State Bar No. 242172)
 *mpn@manningllp.com*
Suzanne Frias (State Bar No. 314674)
 *scf@manningllp.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
333 Bush Street, 27th Floor
San Francisco, California 94104
Telephone: (415) 217-6990
Facsimile: (415) 217-6999

Attorneys for Defendant IKEA U.S. WEST, INC.
(erroneously sued as "IKEA WEST SACRAMENTO")

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| RHONDA WILLIAMS, | Case No. 2:17-CV-299-JAM |
| Plaintiff, | **STIPULATION AS TO PHYSICAL EXAMINATION OF PLAINTIFF AND ORDER** |
| v. | |
| IKEA WEST SACRAMENTO, IKEA US WEST INC. #157, IKEA HOLDING US INC., and DOES 1-25, | Action filed: December 23, 2016 |
| Defendant. | |

THE PARTIES TO THIS ACTION HEREBY STIPULATE THAT:

Pursuant to the provisions of the Federal Rules of Civil Procedure, Rule 35,

1. Plaintiff, RHONDA WILLIAMS, will undergo a physical examination under the following terms and conditions:

| | | |
|---|---|---|
| Party | : | Plaintiff, Rhonda Williams |
| Date | : | March 9, 2018 |
| Time | : | 12:00 p.m. |
| Doctor | : | Rakesh Donthineni, M.D. |
| Specialty | : | Spine & Orthopaedic Oncology |

4817-8958-3450.1          Case No. 34-2016-00205368

**STIPULATION AS TO PHYSICAL EXAMINATION OF PLAINTIFF AND [PROPOSED] ORDER**

1          Location     :        87 Scripps Dr. #114

2                               Sacramento, California 95825

       2.        The examination shall be performed by Dr. Donthineni, M.D., and shall include a complete medical history, a physical examination, tests, oral questions, and such other necessary and/or related procedures, none of which will be painful, protracted or intrusive. The examination will be conducted as Dr. Donthineni, deems necessary to evaluate plaintiff's physical condition as presented on the day of the examination and for the purpose of determining injuries alleged to have been sustained by the above-referenced person in the accident and/or incident which is the subject of the within lawsuit.

       3.        The total time for the examination will not exceed one (1) hour. If any period of time exceeding 30 minutes goes by when Plaintiff is not being examined by the examining physician, then Plaintiff will be free to leave.

       4.        The defense examiner will be made aware of these agreements, conditions, terms, objections and modifications, and will comply therewith. The examining physician must be provided with a copy of this response prior to the examination, and by proceeding with the examination, agrees to its terms, modifications, and conditions.

       5.        Plaintiff shall not submit to a medical examination but shall submit to a physical examination, which is all that is allowed under the California Discovery Act. Code Civil Proc § 2032.220(a). A physical examination is defined as an "examination of the body auscultation [the process of listening for internal body sounds, especially in the chest and abdomen], palpation, percussion, inspection and smelling. (Tabers Cyclopedic Medical Dictionary (F.A. Davis).). *See Loder v. City of Glendale* (1997) 14 Cal.4th 846, 884, citing *Krupp Physicians Handbook* (18th Ed. 1976)(a medical examination ordinarily requires the individual to provide a medical history and to undergo a physical examination.

       6.        Plaintiff reserves the right to have an observer present at the exam, as permitted by law, and to make an audio recording of the physical examination. (Code Civil Proc. §2032.010, et. seq.) The physical examination shall be conducted only by the named examiner. No part of this examination shall be conducted by another doctor or other para-professional persons. Only the

named doctor may attend on behalf of the defense. No other medical personnel, no defense counsel, or representative thereof, or adjusters may attend. No observers other than Plaintiff's attorney (or the duly authorized agent thereof), and the medical examiner will be permitted to attend or observe the medical examination. Plaintiff reserves the right to request identification of any person(s), including regular staff members, seeking to attend any portion of the exam and/or to exclude any inappropriate party from the examination room during the physical examination. Plaintiff reserves the right to exclude the results or product of any work done by someone other than the defense examiner.

7. The physical examination shall include an evaluation of those claims of personal injury that plaintiff has identified in her responses to discovery as being caused by the incident(s) alleged in the pleadings. **The physical exam shall be strictly limited to those parts of the body which Plaintiff has placed in issue.**

8. The examination shall not consist of unusual, painful, protracted, dangerous or intrusive diagnostic procedures. No x-rays or other radiographic studies shall be taken of Plaintiff except by the express written prior approval of Plaintiff's counsel. In the event that Plaintiff agrees to submit to x-rays or other radiographic studies, the Demanding Party agrees to provide copies of any agreed radiographs to Plaintiff without cost. The Demanding Party is invited to obtain any existing radiographs prior to the exam and provide same to the examiner.

9. The Demanding Party shall, within 30 days of the medical examination, provide to Plaintiff's counsel the following a copy of a detailed written report setting out the history, examinations, findings, including the results of all tests made, diagnoses, prognoses, and conclusions of the examiner.

10. No questions regarding Plaintiff's medical, accident, occupational, or other history shall be asked in written form or orally. The examiner's questions shall be restricted to Plaintiff's then immediate physical sensations and/or complaints of pain or discomfort, or lack thereof, which are elicited by the exam itself. The Demanding Party may provide the examiner with any records, depositions, discovery, or other things which Demanding Party deems necessary to provide the examiner with a history of Plaintiff's claims of injury. Plaintiff shall provide the following

information only: Full name, Date of birth, Current residence address, and/or Current driver's license. No photocopying of the driver's license shall be permitted. Plaintiff will not provide the defense examiner with additional information including, but not limited to, the following: Residence telephone number, Medical insurance information or other insurance information, Employment history, Social Security Number. The basis of this limitation is that the request of the above-listed information would invade Plaintiff's right to privacy, is impermissibly overbroad and therefore oppressive, burdensome, and irrelevant to the subject matter of this action. *See Britt v. Superior Court* (1978) 20 Cal.3d 844. Plaintiff also reserves the right to provide the examiner, if requested, with basic information to verify Plaintiff's identity or other statistical information (such as weight or height) without waiving any objections.

11. Neither Plaintiff nor any other person acting on Plaintiff's behalf shall be required or requested to answer any written questions or prepare or sign any writing other than a document to confirm that the person appearing for the exam is, in fact, the Plaintiff.

12. Any information acquired or learned in violation of the terms contained in this Response and Objections to the Demand for Physical Examination will not be admissible as evidence for any reason, and testimony by the physician shall be barred at trial or arbitration.

13. In the event plaintiff requires a continuance or cancellation of the examination, notification must be made 48 hours business working day's to Dr. Donthineni prior to the scheduled appointment. Plaintiff does not agree to pay any fee to the defense doctor if the exam has to be cancelled for any reasonable reason or extenuating or unforeseen circumstances, regardless of when a cancellation my occur in relation to the date of the exam. The defense physician has been hired by Defendant as an expert witness to testify against the Plaintiff in an adversarial proceeding. Neither Plaintiff, nor Plaintiff's counsel or Plaintiff's representative, are parties to any agreement or contract for any unilateral or arbitrary cancellation fee imposed by the defense physician.

///
///
///

4817-8958-3450.1 4 Case No. 34-2016-00205368
**STIPULATION AS TO PHYSICAL EXAMINATION OF PLAINTIFF AND [PROPOSED] ORDER**

1     A copy of Dr. Donthineni's curriculum vitae is attached hereto.

2     IT IS SO STIPULATED:

DATED: January 19, 2018     **MANNING & KASS**
    **ELLROD, RAMIREZ, TRESTER LLP**

By:    /s/ Matthew P.C. Noel
    David V. Roth
    Matthew P.C. Noel
    Suzanne C. Frias
    Attorneys for Defendant,
    IKEA US WEST, INC. a California Corporation
    (erroneously sued as IKEA WEST
    SACRAMENTO, IKEA US WEST INC., #157
    and IKEA HOLDING US INC.)

DATED: January 19, 2018

**ASHTON & PRICE, LLP**

By:    /s/ Edward A. Shade
    Edward A. Shade
    Attorneys for Plaintiff,
    RHONDA WILLIAMS

**ORDER**

IT IS HEREBY ORDERED, by the undersigned Judge of the District Court of the Eastern District of California, Sacramento Division, under the terms of the stipulation executed by the attorneys for the respective parties, that RHONDA WILLIAMS, will undergo a physical examination under the following terms and conditions:

1. Plaintiff, RHONDA WILLIAMS, will undergo a physical examination under the following terms and conditions:

| | | |
|---|---|---|
| Party | : | Plaintiff, Rhonda Williams |
| Date | : | March 9, 2018 |
| Time | : | 12:00 p.m. |
| Doctor | : | Rakesh Donthineni, M.D. |
| Specialty | : | Spine & Orthopaedic Oncology |
| Location | : | 87 Scripps Dr. #114 |
| | | Sacramento, California 95825 |

2. The examination shall be performed by Dr. Donthineni, M.D., and shall include a complete medical history, a physical examination, tests, oral questions, and such other necessary and/or related procedures, none of which will be painful, protracted or intrusive. The examination will be conducted as Dr. Donthineni, deems necessary to evaluate plaintiff's physical condition as presented on the day of the examination and for the purpose of determining injuries alleged to have been sustained by the above-referenced person in the accident and/or incident which is the subject of the within lawsuit.

3. The total time for the examination will not exceed one (1) hour. If any period of time exceeding 30 minutes goes by when Plaintiff is not being examined by the examining physician, then Plaintiff will be free to leave.

4. The defense examiner will be made aware of these agreements, conditions, terms, objections and modifications, and will comply therewith. The examining physician must be provided with a copy of this response prior to the examination, and by proceeding with the examination, agrees to its terms, modifications, and conditions.

5.     Plaintiff shall not submit to a medical examination but shall submit to a physical examination, which is all that is allowed under the California Discovery Act. Code Civil Proc § 2032.220(a). A physical examination is defined as an "examination of the body auscultation [the process of listening for internal body sounds, especially in the chest and abdomen], palpation, percussion, inspection and smelling. (Tabers Cyclopedic Medical Dictionary (F.A. Davis).). *See Loder v. City of Glendale* (1997) 14 Cal.4th 846, 884, citing *Krupp Physicians Handbook* (18th Ed. 1976)(a medical examination ordinarily requires the individual to provide a medical history and to undergo a physical examination.

6.     Plaintiff reserves the right to have an observer present at the exam, as permitted by law, and to make an audio recording of the physical examination. (Code Civil Proc. §2032.010, et. seq.) The physical examination shall be conducted only by the named examiner. No part of this examination shall be conducted by another doctor or other para-professional persons. Only the named doctor may attend on behalf of the defense. No other medical personnel, no defense counsel, or representative thereof, or adjusters may attend. No observers other than Plaintiff's attorney (or the duly authorized agent thereof), and the medical examiner will be permitted to attend or observe the medical examination. Plaintiff reserves the right to request identification of any person(s), including regular staff members, seeking to attend any portion of the exam and/or to exclude any inappropriate party from the examination room during the physical examination. Plaintiff reserves the right to exclude the results or product of any work done by someone other than the defense examiner.

7.     The physical examination shall include an evaluation of those claims of personal injury that plaintiff has identified in her responses to discovery as being caused by the incident(s) alleged in the pleadings. **The physical exam shall be strictly limited to those parts of the body which Plaintiff has placed in issue.**

8.     The examination shall not consist of unusual, painful, protracted, dangerous or intrusive diagnostic procedures. No x-rays or other radiographic studies shall be taken of Plaintiff except by the express written prior approval of Plaintiff's counsel. In the event that Plaintiff agrees to submit to x-rays or other radiographic studies, the Demanding Party agrees to provide copies of

any agreed radiographs to Plaintiff without cost. The Demanding Party is invited to obtain any existing radiographs prior to the exam and provide same to the examiner.

9. The Demanding Party shall, within 30 days of the medical examination, provide to Plaintiff's counsel the following a copy of a detailed written report setting out the history, examinations, findings, including the results of all tests made, diagnoses, prognoses, and conclusions of the examiner.

10. No questions regarding Plaintiff's medical, accident, occupational, or other history shall be asked in written form or orally. The examiner's questions shall be restricted to Plaintiff's then immediate physical sensations and/or complaints of pain or discomfort, or lack thereof, which are elicited by the exam itself. The Demanding Party may provide the examiner with any records, depositions, discovery, or other things which Demanding Party deems necessary to provide the examiner with a history of Plaintiff's claims of injury. Plaintiff shall provide the following information only: Full name, Date of birth, Current residence address, and/or Current driver's license. No photocopying of the driver's license shall be permitted. Plaintiff will not provide the defense examiner with additional information including, but not limited to, the following: Residence telephone number, Medical insurance information or other insurance information, Employment history, Social Security Number. The basis of this limitation is that the request of the above-listed information would invade Plaintiff's right to privacy, is impermissibly overbroad and therefore oppressive, burdensome, and irrelevant to the subject matter of this action. *See Britt v. Superior Court* (1978) 20 Cal.3d 844. Plaintiff also reserves the right to provide the examiner, if requested, with basic information to verify Plaintiff's identity or other statistical information (such as weight or height) without waiving any objections.

11. Neither Plaintiff nor any other person acting on Plaintiff's behalf shall be required or requested to answer any written questions or prepare or sign any writing other than a document to confirm that the person appearing for the exam is, in fact, the Plaintiff.

12. Any information acquired or learned in violation of the terms contained in this Response and Objections to the Demand for Physical Examination will not be admissible as evidence for any reason, and testimony by the physician shall be barred at trial or arbitration.

4817-8958-3450.1     8     Case No. 34-2016-00205368
**STIPULATION AS TO PHYSICAL EXAMINATION OF PLAINTIFF AND [PROPOSED] ORDER**

1. 13. In the event plaintiff requires a continuance or cancellation of the examination, notification must be made 48 hours business working day's to Dr. Donthineni prior to the scheduled appointment. Plaintiff does not agree to pay any fee to the defense doctor if the exam has to be cancelled for any reasonable reason or extenuating or unforeseen circumstances, regardless of when a cancellation my occur in relation to the date of the exam. The defense physician has been hired by Defendant as an expert witness to testify against the Plaintiff in an adversarial proceeding. Neither Plaintiff, nor Plaintiff's counsel or Plaintiff's representative, are parties to any agreement or contract for any unilateral or arbitrary cancellation fee imposed by the defense physician.

**IT IS SO ORDERED.**

Date: January 22, 2018

        **/s/ JOHN A. MENDEZ**
        John A. Mendez
        United States District Court Judge

# CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is 333 Bush Street, 27th Floor, San Francisco, CA 94104.

On January 19, 2018, I served true copies of the following document(s) described as **STIPULATION AS TO PHYSICAL EXAMINATION OF PLAINTIFF AND [PROPOSED] ORDER** on the interested parties in this action as follows:

| | |
|---|---|
| Christopher A. Price | Attorneys for Plaintiff, |
| Edward A. Shade | RHONDA WILLIAMS |
| Ashton & Price, LLP | |
| 8243 Greenback Lane | |
| Fair Oaks, CA 95628 | |
| Tel: 916-786-7787 | |
| Fax: 916-786-7625 | |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 19, 2018, at San Francisco, California.

                                          /s/ Lisette Estevez-Watkins
                                          Lisette Estevez-Watkins