UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RHONDA WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>IKEA WEST SACRAMENTO, IKEA US WEST INC. #157, IKEA HOLDING US INC., and DOES 1-25,<br><br>　　　　Defendants. | No. 2:17-cv-00299-JAM-DB<br><br>**ORDER GRANTING DEFENDANTS'<br>MOTION FOR SUMMARY JUDGMENT** |

　　Rhonda Williams ("Plaintiff") sued Defendants Ikea US West Inc. #157, Ikea West Sacramento, Ikea Holding US Inc., and Does 1-25 ("Defendants"), alleging that she was injured tripping on stairs at their West Sacramento store. Compl., ECF No. 1, p. 4. She brings claims for general negligence and premises liability. Id. at 4-5. Defendants moved for summary judgment. Mot., ECF No. 6. Defendants' motion is unopposed. For the reasons set forth below, the Court GRANTS Defendants' motion.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for February 27, 2018.

1

I. OPINION

Plaintiff's Complaint alleges that she tripped on a plastic strip at the end of a stairway in Defendants' store on January 28, 2015. Compl. at 4. She filed a lawsuit in Sacramento County Superior Court on December 23, 2016. Id. at 1. Defendants removed to this Court based on diversity jurisdiction. Notice of Removal, ECF No. 1, pp. 1-2. Defendant Ikea is a Delaware corporation with its principle place of business in Pennsylvania. Id. at 2. Plaintiff is a citizen of California and seeks over $75,000 in damages. Id.

On January 17, 2018, Defendants filed a Motion for Summary Judgment, ECF No. 6, on the ground that Plaintiff's failure to timely respond to Requests for Admission has deemed those statements admitted. In that motion, Defendants allege that Plaintiff served discovery responses over eight months late without explanation or a request for extension. Id. at 3-4. Pursuant to the Court's filing requirements, ECF No. 3-2, Plaintiff's opposition to the summary judgment motion was due 28 days prior to the scheduled hearing on February 27, 2018. Plaintiff has not filed an opposition and there is no record of an extension having been sought or granted.

Here, there is no dispute that Plaintiff did not timely respond to the Requests for Admission, due within 30 days of service under Federal Rule of Civil Procedure 36(a)(3). Due to the self-executing nature of Rule 36(a), the facts are deemed admitted without a motion for admissions. F.T.C. v. Medicor LLC, 217 F. Supp. 2d 1048, 1053 (C.D. Cal. 2002). "Once admitted, the matter 'is conclusively established unless the court on motion

permits withdrawal or amendment of the admission' pursuant to Rule 36(b)." Conlon v. United States, 474 F.3d 616, 621 (9th Cir. 2007) (quoting Fed. R. Civ. P. 36(b)). No such motion or request under Rule 36(b) has been made here.

"Unanswered requests for admissions may be relied on as the basis for granting summary judgment." Id. The facts deemed admitted by Plaintiff's failure to submit a timely response to Defendants' requests for admission include:

(1) that Plaintiff has no basis to sue Defendants for her two claims;

(2) that Plaintiff's own negligence and carelessness caused her injuries;

(3) that Plaintiff was not permanently injured or disabled in any manner because of the incident;

(4) that the incident caused Plaintiff no pain and will not require any future surgery;

(5) that Plaintiff received worker's compensation and unemployment insurance because of the incident; and

(6) that she has not had any medical treatment from 2012 to 2016.

Req. for Admis., ECF No. 6-3, pp. 1-6. Defendants reminded Plaintiff in the requests for admissions that "fail[ure] to comply with the provisions of Rule 36 of the Federal Rules of Civil Procedure with respect to these Requests for Admissions" may result in each of those matters being deemed admitted. Id. at 2.

Under California law, "[t]he elements of a negligence claim and a premises liability claim are the same: a legal duty of

care, breach of that duty, and proximate cause resulting in injury." Kesner v. Superior Court, 384 P.3d 283, 300 (Cal. 2016). Here, where Plaintiff is deemed to have admitted that she has no reason to sue Defendants, was injured by her own negligence and carelessness, and experienced no pain or other injuries from the incident, she would be unable to carry her burden with regard to causation or damages, two of the essential elements of her claims.

Based on these facts, no reasonable trier of fact could return a verdict in favor of Plaintiff on her claims. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Fed. R. Civ. P. 56.

## II. ORDER

For the reasons set forth above, the Court GRANTS Defendants' Motion for Summary Judgment (ECF No. 6). The Clerk of Court is directed to close the case. The February 27, 2018 hearing on this matter is VACATED.

IT IS SO ORDERED.

Dated: February 20, 2018

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE